James L. Davidson (*pro hac vice* pending)
Michael L. Greenwald (*pro hac vice* pending)
GREENWALD DAVIDSON PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: 561-826-5477
Fax: 561-961-5684
jdavidson@mgjdlaw.com
mgreenwald@mgjdlaw.com

Attorneys for Plaintiff and the proposed Class

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GLORIA RAMIREZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FITNESS ALLIANCE, LLC, AN ARIZONA LIMITED LIABILITY COMPANY,<br><br>Defendant. | Case No.<br><br>**COMPLAINT AND TRIAL BY JURY DEMAND** |

1

## NATURE OF ACTION

1. This is a class action brought pursuant to the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §1693, *et seq*., and the associated regulations promulgated by the Consumer Financial Protection Bureau. The EFTA establishes the basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer services and of persons or entities that offer those services. The primary objective of the EFTA is the protection of individual consumers engaging in electronic fund transfers. The Consumer Financial Protection Bureau has established regulations intended to carry out the purposes of the EFTA.

2. Section 1693l of the EFTA provides in pertinent part:

**No writing or other agreement between a consumer and any other person may contain any provision which constitutes a waiver of any right conferred or cause of action created by this subchapter.** Nothing in this section prohibits, however, any writing or other agreement which grants to a consumer a more extensive right or remedy or greater protection than contained in this title or a waiver given in settlement of a dispute or action.

## PARTIES

3. Plaintiff Gloria Ramirez is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa. As a natural person, Plaintiff is a "consumer" as defined by 15 U.S.C. §1693a(6).

4. Defendant Fitness Alliance, LLC ("Defendant") is an Arizona limited liability company with principal offices located at 14843 N. Northsight, Scottsdale, Arizona 85260.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction under 15 U.S.C. §1693, *et seq.* and 28 U.S.C. §1331.

6. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District, where Plaintiff resides in this State and this District, and where Defendant resides in and transacts business in this State and this District.

**FACTUAL ALLEGATIONS**

7. Defendant owns and operates "Gold's Gym – Phoenix Downtown," located at 1 East Washington Street, Phoenix, Arizona 85004.

8. On or about December 9, 2011, Plaintiff signed a standard contract with "Gold's Gym – Phoenix Downtown" to allow Plaintiff to utilize Defendant's gym services. A true and correct copy of Plaintiff's Membership Agreement is attached hereto as Exhibit "A."

9. As part of the Membership Agreement, Plaintiff authorized Defendant to electronically debit funds, on a recurring basis at substantially regular intervals, from Plaintiff's checking account.

10. Specifically, the Membership Agreement authorized Defendant to electronically debit $18 every two weeks from Plaintiff's checking account, for a minimum of 12 months.

11. The "electronic funds transfers" referenced in the Membership Agreement were "preauthorized electronic fund transfer[s]" as defined by 15 U.S.C. §1693a(10).

12. Plaintiff's checking account was established primarily for personal, family, or household purposes, and thus, is an "account" as defined by 15 U.S.C. 1693a(2).

13. The Membership Agreement provides, in pertinent part:

**VERY IMPORTANT**: If Member changes the dues account Member must bring in new account information (a voided check or credit card voucher) at least thirty-one (31) days prior to the upcoming payment date. In the event sufficient funds are not available in Buyer's account or debits are otherwise not accepted, Gold's Gym may resubmit the charge prior to the next scheduled draft date. **If the resubmittal is returned uncollected, the rejected amount plus a $25 service charge will be added to Buyer's next regularly scheduled debit. Buyer understands that Buyer is entitled to notice of all varying charges and withdrawals under the EFT, but Buyer waives the right to receive prior notice for charges or withdrawals made with respect to any uncollected monthly dues payments or portions of the balance due described above and the corresponding service charges, both of which Buyer agrees are not varying charges or withdrawals.** Gold's Gym reserves the right to charge a fee of 18% per annum on all delinquent payments.

14. Thus, the Membership Agreement purports to waive Plaintiff's right to receive prior notice for charges or withdrawals from her checking account made with respect to any uncollected monthly dues payments or portions thereof, including any corresponding service charges.

15. Section 1693e(b) of the EFTA provides, in pertinent part:

**In the case of preauthorized transfers from a consumer's account to the same person which may vary in amount**, **the** financial institution or **designated payee shall, prior to each transfer, provide reasonable advance notice to the consumer, in accordance with regulations of the Bureau, of the amount to be transferred and the scheduled date of the transfer.**

16. 12 C.F.R. § 1005.10(d) provides, in pertinent part:

Notice of transfers varying in amount. (1) Notice. **When a preauthorized electronic fund transfer from the consumer's account will vary in amount from the previous transfer under the same authorization or**

4

**from the preauthorized amount, the designated payee** or the financial institution **shall send the consumer written notice of the amount and date of the transfer at least 10 days before the scheduled date of transfer.** (2) Range. The designated payee or the institution shall inform the consumer of the right to receive notice of all varying transfers, but may give the consumer the option of receiving notice only when a transfer falls outside a specified range of amounts or only when a transfer differs from the most recent transfer by more than an agreed-upon amount.

17. By obligating Plaintiff to waive her right to receive prior notice for charges or withdrawals made with respect to any uncollected monthly dues payments or portions of the balance due described above and the corresponding service charges, the Membership Agreement waives Plaintiff's right, as provided by section 1693e(b) of the EFTA and 12 C.F.R. § 1005.10(d), to receive written notice of the amount and date of a preauthorized electronic fund transfer from Plaintiff's account that varies in amount from the previous transfer under the same authorization or from the preauthorized amount at least 10 days before the scheduled date of the transfer.

18. In addition, 12 C.F.R. § 1005.3(b)(3) provides, in pertinent part:

Collection of returned item fees via electronic fund transfer. (i) General. **The person initiating an electronic fund transfer to collect a fee for the return of an electronic fund transfer** or a check that is unpaid, **including due to insufficient or uncollected funds in the consumer's account, must obtain the consumer's authorization for each transfer**. A consumer authorizes a one-time electronic fund transfer from his or her account to pay the fee for the returned item or transfer if the person collecting the fee provides notice to the consumer stating that the person may electronically collect the fee, and the consumer goes forward with the underlying transaction. **The notice must state that the fee will be collected by means of an electronic fund transfer from the consumer's account if the payment is returned unpaid and must disclose the dollar amount of the fee.** If the fee may vary due to the amount of the transaction or due to other factors, then, except as otherwise provided in paragraph (b)(3)(ii) of this section, the person collecting the fee may disclose, in place

5

of the dollar amount of the fee, an explanation of how the fee will be determined.

19.     By obligating Plaintiff to waive her right to receive prior notice for charges or withdrawals made with respect to any uncollected monthly dues payments or portions of the balance due and the corresponding service charges, the Membership Agreement also waives Plaintiff's right, as provided by the Consumer Financial Protection Bureau at 12 C.F.R. § 1005.3(b)(3), to provide or decline authorization each time Defendant desires to initiate an electronic fund transfer to collect a fee for the return of an electronic fund transfer that is unpaid, and to receive notice regarding the same.

20.     Finally, the Membership Agreement waives Plaintiff's right to contest, pursuant to the EFTA, whether the charges referenced in the Membership Agreement are varying charges.

21.     As a result, the Membership Agreement waives consumer rights set forth under 15 U.S.C. §1693e(b) and the regulations promulgated by the Consumer Financial Protection Bureau, in violation of 15 U.S.C. §1693l.

22.     Upon information and belief, Defendant engages and continues to engage in limiting the rights of consumers with respect to electronic fund transfers through its use of its standard Membership Agreements.

**CLASS ACTION ALLEGATIONS**

23.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class consisting of:

> All persons located in the State of Arizona who, within one year before the date of this complaint, signed a Membership Agreement with Defendant

6

.

> containing the following provision: "Buyer understands that Buyer is entitled to notice of all varying charges and withdrawals under the EFT, but Buyer waives the right to receive prior notice for charges or withdrawals made with respect to any uncollected monthly dues payments or portions of the balance due described above and the corresponding service charges, both of which Buyer agrees are not varying charges or withdrawals."

Excluded from the class is Defendant, the officers, members, and directors of Defendant, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

24. The proposed class is so numerous that joinder of all members is impracticable. The exact number of members of the class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed class is ascertainable in that the names and addresses of all members of the class can be identified in business records maintained by Defendant.

25. Plaintiff's claims are typical of the claims of the members of the class because Plaintiff and all class members' claims originate from the same conduct, practice and procedure on the part of Defendant and Plaintiff possesses the same interests and has suffered the same injuries as each class member. Like all proposed members of the class, Plaintiff signed Defendant's standard Membership Agreement.

26. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation. Plaintiff has no interests that are contrary to or in conflict with the members of the class that Plaintiff seeks to represent.

27. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

28. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant, through its use of a standardized Membership Agreement, has acted on grounds generally applicable to the entire class. Among the issues of law and fact common to the class are:

    a. Defendant's violations of the EFTA and regulation E, as alleged herein;

    b. the existence of Defendant's identical conduct particular to the matters at issue;

    c. the availability of statutory penalties; and

    d. the availability of attorneys' fees and costs.

29. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**COUNT I: VIOLATION OF THE ELECTRONIC FUND TRANSFER ACT, 15 U.S.C. §1693e(b) BY DEFENDANT**

30. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-29.

31. Section 1693e(b) of the EFTA provides, in pertinent part:

> In the case of preauthorized transfers from a consumer's account to the same person which may vary in amount, the financial institution or designated payee shall, prior to each transfer, provide reasonable advance notice to the consumer, in accordance with regulations of the Bureau, of the amount to be transferred and the scheduled date of the transfer.

32. 12 C.F.R. § 1005.10(d) provides, in pertinent part:

> Notice of transfers varying in amount. (1) Notice. When a preauthorized electronic fund transfer from the consumer's account will vary in amount from the previous transfer under the same authorization or from the preauthorized amount, the designated payee or the financial institution shall send the consumer written notice of the amount and date of the transfer at least 10 days before the scheduled date of transfer. (2) Range. The designated payee or the institution shall inform the consumer of the right to receive notice of all varying transfers, but may give the consumer the option of receiving notice only when a transfer falls outside a specified range of amounts or only when a transfer differs from the most recent transfer by more than an agreed-upon amount.

33. Defendant violated 15 U.S.C. §1693e(b) and the regulations promulgated by the Consumer Financial Protection Bureau by not providing Plaintiff and members of the Class, when a preauthorized electronic funds transfer varies in amount, with at least ten (10) days' written notice of the amount and date of such transfers before the scheduled date of transfer, thus limiting the more generous rights legally provided to Plaintiff and the class pursuant to the EFTA and Consumer Financial Protection Bureau regulations.

**COUNT II: VIOLATION OF THE ELECTRONIC FUND TRANSFER ACT, 15 U.S.C. §1693l BY DEFENDANT**

34. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-29.

9

35. Defendant violated 15 U.S.C. §1693l by entering into written agreements with Plaintiff and members of the class that contained provisions constituting waivers of Plaintiff and the Class members' rights under the EFTA and the regulations promulgated by the Consumer Financial Protection Bureau – specifically the right to be provided with written notice of the amount and date of the transfer at least 10 days before the scheduled date of transfer when a preauthorized electronic funds transfer varies in amount, the right to provide or decline authorization for Defendant to initiate each one-time transfer to cover a fee for the return of an electronic fund transfer, the right to receive the notice set forth in 12 C.F.R. § 1005.3(b)(3) when Defendant chooses to initiate an electronic fund transfer to collect a fee for the return of an electronic fund transfer, and the right to a determination as to whether the transfers referenced in the Membership Agreement are varying transfers under the EFTA.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action and designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;

b) Adjudging and declaring that Defendant violated 15 U.S.C. §1693e(b); 15 U.S.C. §1693l, and the regulations of the Consumer Financial Protection Bureau and enjoining Defendant from further violations of 15 U.S.C. §1693e(b), 15 U.S.C. §1693l and Consumer Financial Protection Bureau regulations with respect to Plaintiff and the other members of the class;

c) Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. §1693m(a)(2)(B);

        d)     Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. §1693m(a)(3); and

        e)     Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 6th day of December, 2012

By: s/ James L. Davidson
James L. Davidson
Michael L. Greenwald
GREENWALD DAVIDSON, PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: 561.826.5477
Fax: 561.961.5684
jdavidson@mgjdlaw.com
mgreenwald@mgjdlaw.com

Attorneys for Plaintiff and the Proposed Class